Marc Van Der Hout, Cal. Bar No. 80778
Johnny Sinodis, Cal. Bar No. 290402
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco CA 94108
(415) 981-3000
ndca@vblaw.com

Sadaf M. Doost, Cal. Bar No. 346104
Baher A. Azmy, *pro hac vice* motion pending
Katherine M. Gallagher, *pro hac vice* motion pending
Maria C. LaHood, *pro hac vice* motion pending
Astha Sharma Pokharel, *pro hac vice* motion pending
Samah Sisay, *pro hac vice* motion pending
Pamela C. Spees, *pro hac vice* motion pending
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464
sdoost@ccrjustice.org
bazmy@ccrjustice.org
kgallagher@ccrjustice.org
mlahood@ccrjustice.org
asharmapokharel@ccrjustice.org
ssisay@ccrjustice.org
pspees@ccrjustice.org

Attorneys for Plaintiffs DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE, et al.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE; AL-HAQ; AHMED ABU ARTEMA; MOHAMMED AHMED ABU ROKBEH; MOHAMMAD HERZALLAH; A.N.; LAILA ELHADDAD; WAEIL ELBHASSI; BASIM ELKARRA; and DR. OMAR EL-NAJJAR<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., *President of the United States,* ANTONY J. BLINKEN, *Secretary of State,* LLOYD JAMES AUSTIN III, *Secretary of Defense,* in their official capacities,<br><br>Defendants. | Case No.: 3:23-cv-5829<br><br>**MOTION FOR LEAVE TO FILE UNDER PSEUDONYM** |

## PRELIMINARY STATEMENT

Plaintiff A.N. moves the Court for an Order permitting him to proceed under pseudonym and requiring Defendants to maintain the confidentiality of his identity in their public filings.[1] A proposed order is attached hereto. Plaintiff A.N. seeks to proceed under pseudonym because heightened tensions in the United States related to Israel's bombardment of Gaza have led to increased instances of targeted harassment and physical harm.[2] Furthermore, Plaintiff A.N. is fearful that any retaliation against him for challenging the U.S. and Israeli governments' actions could negatively impact his family, including his wife and young children in the U.S. and his parents, siblings, and other family members in Gaza.

Courts regularly permit plaintiffs to proceed under pseudonyms in such circumstances, particularly where, as here, they challenge government action and where the government will face no prejudice should the plaintiff's identity be shielded from public notice. Based on the special and particular circumstances of this case, Plaintiff A.N.'s need for privacy outweighs any minimal potential prejudice to Defendants and the public's interest in knowing his identity.

## ARGUMENT

Federal Rule of Civil Procedure usually requires that a complaint states the names of all parties. *See* Fed. R. Civ. P. 10(a). However, the law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See, e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect

---

[1] In accordance with Ninth Circuit law, Plaintiff A.N. submits this Motion concurrently with his Complaint. *See Doe v. City of Simi Valley*, No. CV 12-8377 PA (VBKX), 2012 WL 12507598, at *2 (C.D. Cal. Oct. 29, 2012).

[2] There has been an increase in instances of Islamophobic attacks in the U.S., leading to the White House developing the first-ever National Strategy to Counter Islamophobia in the United State on November 1, 2023. *See* Press Release, White House, Statement from White House Press Secretary Karine Jean-Pierre on President Biden's Establishment of First-Ever National Strategy to Counter Islamophobia (Nov. 1, 2023), https://www.whitehouse.gov/briefing-room/statements-releases/2023/11/01/statement-from-white-house-press-secretary-karine-jean-pierre-on-president-bidens-establishment-of-first-ever-national-strategy-to-counter-islamophobia/.

them from intimidation or harassment"). Federal courts specifically have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *See, e.g., Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases).

In the Ninth Circuit, appearing under a pseudonym is appropriate when "nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile*, 214 F.3d at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *see also Doe v. Amazon.com, Inc.*, No. C11-1709MJP, 2011 WL 13073281, at *3 (W.D. Wash. Dec. 23, 2011) (stating that the risk of "physical harm presents the paradigmatic case for allowing anonymity" and "extreme non-physical retaliation may also be sufficient"). The Court should permit a party to proceed under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. As shown below, Plaintiff A.N. needs protection from severe harassment or injury. At the same time, Defendants cannot show that they will be prejudiced or the public interest undermined if Plaintiff A.N. proceeds under a pseudonym.

### I. A Pseudonym Is Necessary to Protect Plaintiff A.N. from Harm.

Where plaintiffs fear harm if personal information or identity is revealed, the Ninth Circuit instructs courts to consider "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted).

Plaintiff A.N. is a Palestinian asylum seeker turned United States Citizen who was born and raised in Gaza and registered as a Gaza resident in Israel's population registry.[3] His parents, siblings,

---

[3] Since it occupied Gaza and the West Bank in 1967, Israel has maintained management of the Palestinian population registry. *See* Report of the Independent International Commission of Inquiry on the Occupied Palestinian Territory, including East Jerusalem, and Israel, ¶ 16, 50th Sess., Agenda Item 2 (May 9, 2022), U.N. Doc. A/HRC/50/21, https://www.un.org/unispal/wp-content/uploads/2022/06/HRCRPT.A.HRC_.50.21_090522.pdf.

and extended family are still in Gaza. He currently lives in Massachusetts with his wife, a non-citizen, and young children. Plaintiff A.N. is a doctoral student and works at a nonprofit organization.

Due to the "unusual" nature of this litigation and the ongoing armed conflict and bombardment of Gaza, Plaintiff A.N. is particularly vulnerable and in need of confidentiality. *See United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1980) (stating "that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") Plaintiff A.N. has previously engaged in public discussions about his experiences growing up in Gaza and has been subjected to harassment. In 2012, two men approached Plaintiff A.N. after a public discussion and spat in his face. More recently, Plaintiff A.N. has been the target of harassing messages from a stranger wanting to contest his previously made public comments about his experiences as a Palestinian. These harms would increase if Plaintiff A.N.'s personal information or identity is revealed as a party in this litigation. Furthermore, Plaintiff A.N. has concerns related to his employment and possible retaliation or harassment, due to the high-profile nature of this litigation.

Additionally, Plaintiff A.N. is fearful that publicizing his identity in this litigation could lead to negative consequences for his family in the U.S. and Gaza. Plaintiff A.N. lives with his young children and non-citizen wife and is very worried that any harassment he experiences would also impact them. *See Advanced Textile*, 214 F.3d at 1068 (noting specific need to protect child plaintiffs). There have been increased instances of individuals' addresses and other personal information being shared online, an action known as doxxing, for the purpose of harassment by those who disagree with their opinions related to Israel's bombardment of Gaza.[4] Plaintiff A.N. and his family are at heightened risk of consequences from being doxxed, as they live in an isolated community without any extended

---

[4] As an example, students at Harvard signed a letter about Israel's actions in Gaza and were doxxed. Their personal information was posted online and their families were threatened. *See* Anemona Hartocollis, *After Writing an Anti-Israel Letter, Harvard Students Are Doxxed*, N.Y. Times (Oct. 18, 2023), https://www.nytimes.com/2023/10/18/us/harvard-students-israel-hamas-doxxing.html.

family members and he has had to install security cameras at his home as a general security precaution. In regards to his family in Gaza, Plaintiff A.N.'s father was injured by an Israeli airstrike and he fears that his family could be targeted if his participation in this litigation is made public. Plaintiff A.N. is a former asylum seeker and his name is registered in the Israeli population registry, so it would be quite easy for government officials to connect him to his family members in Gaza and retaliate against them. *See* U.N. High Commissioner for Refugees, *Advisory opinion on the rules of confidentiality regarding asylum information*, ¶ 2 (Mar. 31, 2005) ("Effective measures need to be taken to ensure that information concerning a person's private life does not reach the hands of third parties that might use such information for purposes incompatible with international human rights law."). Plaintiff A.N.'s family are amongst the few in Gaza who have not yet been displaced, so their location is known.

Plaintiff A.N.'s reasonable need for protection from public exposure weighs heavily in favor of permitting him to proceed under a pseudonym.

### II. Defendants Will Not Be Prejudiced if Plaintiff A.N. Uses a Pseudonym in Publicly-Filed Documents.

Allowing Plaintiff A.N. to proceed under pseudonyms will not prejudice Defendants' "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Plaintiff A.N. does not seek to withhold his identity from Defendants' counsel, but only to protect himself from public exposure that could lead to severe harm.[5] Further, Plaintiff A.N. is challenging government action, and "challenges to the constitutional, statutory or regulatory validity of government activity . . . involve no injury to the Government's 'reputation.'" *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *see also E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("the government is viewed as having a less significant interest in protecting its reputation from

---

[5] As in other cases in which plaintiffs have been permitted to proceed pseudonymously, counsel for Defendants would have access to Plaintiff's identity, subject to the constraints of a protective order preventing public disclosure.

| MOTION FOR LEAVE TO FILE UNDER PSEUDONYM | 5 | Case No. 3:23-cv-5829 |
|---|---|---|

damaging allegations than the ordinary individual defendant."). Defendants will suffer no reputational harm, nor will they face any barriers to mounting a defense to Plaintiff A.N.'s claims should Plaintiff proceed under a pseudonym. Plaintiff A.N.'s reasonable need for protection significantly outweighs any potential prejudice to Defendants.

### III. The Public Interest Weighs in Favor of Allowing Plaintiff A.N. to Challenge Government Action Pseudonymously.

In contrast to Plaintiff A.N.'s heightened interest in confidentiality, the public's interest in knowing the identity of Plaintiff A.N. is minimal. While the issues that Plaintiff A.N. raises in this lawsuit are a matter of significant public concern, revealing the particular identity of Plaintiff A.N. will add little to the public's understanding of the lawfulness of the U.S. government's actions at issue in this case. *See Advanced Textile*, 214 F.3d at 1068-69 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)) ("[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

To the contrary, "lawsuits that enforce statutes and constitutional rights generally benefit the public." *See A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (citing *Advanced Textile Corp.*, 214 F.3d at 1073; *Plyler v. Doe*, 457 U.S. 202 (1982); *Roe v. Wade*, 410 U.S. 959 (1973)). Thus, "[c]onsidering the severity of the retaliatory harm in this case, forcing plaintiffs to disclose their identity would likely chill their willingness to challenge statutory and constitutional violations" and be contrary to public policy. *Id.* at *6; *accord Advanced Textile*, 214 F.3d at 1069 ("We also conclude, based on the extreme nature of the retaliation threatened against plaintiffs coupled with their highly vulnerable status, that plaintiffs reasonably fear severe retaliation, and that this fear outweighs the interests in favor of open judicial proceedings.").

The public interest weighs in favor of granting Plaintiff A.N.'s motion to proceed under pseudonyms.

\*     \*     \*

Plaintiff A.N.'s reasonable need for protection of himself and his family from threats of severe harm weighs strongly in favor of granting his motion for leave to file under pseudonym.  In contrast, there is neither prejudice to the Defendants nor harm to the public should Plaintiff A.N.'s identity be protected from public view.  The balance of factors overwhelmingly favors permitting Plaintiff A.N. to proceed under pseudonym.

## CONCLUSION

For the foregoing reasons, Plaintiff A.N. respectfully requests that this Court grant his motion to proceed under pseudonym.

November 13, 2023            Respectfully submitted,

*/s/Johnny Sinodis*
Johnny Sinodis, Cal. Bar No. 290402
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco CA 94108
(415) 981-3000
ndca@vblaw.com