| | |
|---|---|
| Marc Van Der Hout, Cal. Bar No. 80778<br>Johnny Sinodis, Cal. Bar No. 290402<br>Van Der Hout LLP<br>360 Post Street, Suite 800<br>San Francisco CA 94108<br>(415) 981-3000<br>ndca@vblaw.com | Sadaf M. Doost, Cal. Bar No. 346104<br>Baher A. Azmy, admitted *pro hac vice*<br>Katherine Gallagher, admitted *pro hac vice*<br>Maria C. LaHood, admitted *pro hac vice*<br>Astha Sharma Pokharel, admitted *pro hac vice*<br>Samah Sisay, admitted *pro hac vice*<br>Pamela C. Spees, admitted *pro hac vice*<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>(212) 614-6464<br>sdoost@ccrjustice.org<br>bazmy@ccrjustice.org<br>kgallagher@ccrjustice.org<br>mlahood@ccrjustice.org<br>asharmapokharel@ccrjustice.org<br>ssisay@ccrjustice.org<br>pspees@ccrjustice.org |

Attorneys for Plaintiffs DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE; AL-HAQ; AHMED ABU ARTEMA; MOHAMMED AHMED ABU ROKBEH; MOHAMMAD HERZALLAH; A.N.; LAILA ELHADDAD; WAEIL ELBHASSI; BASIM ELKARRA; and DR. OMAR EL-NAJJAR<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., *President of the United States,* ANTONY J. BLINKEN, *Secretary of State,* LLOYD JAMES AUSTIN III, *Secretary of Defense,* in their official capacities,<br><br>Defendants. | Case No.: 23-cv-5829-JSW<br><br>**UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF FOR IN-PERSON AND ZOOM HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing: January 26, 2024, at 9:00 am |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully request an in-person hearing regarding their Motion for Preliminary Injunction and Defendants' Motion to Dismiss. A hearing on both Motions is scheduled for January 26, 2024 at 9:00 a.m. *See* ECF No. 36. Plaintiffs further request that the videoconferencing capability remain activated during the hearing so that certain Plaintiffs and other interested parties who cannot be present in-person during the hearing can still participate and observe the hearing in real time via the Court's public Zoom link. The gravity of Plaintiffs' claims that Defendants are failing to prevent, and are complicit in, an unfolding genocide, the "crime of crimes," as well as the immense public interest in this case and the momentous issues it raises, warrant proceedings that are conducted in-person, as well as via Zoom.

Plaintiffs have an interest in ensuring that these proceedings are held in-person, so that they can be with each other and with their attorneys during what will be a deeply consequential hearing for them and their loved ones. Plaintiffs and/or their family members have been, and continue to be, subjected to Israel's military assault on Gaza since October 7, and collectively more than 115 of Plaintiffs' relatives have been killed. Compl. ¶¶ 18-29. Five Plaintiffs are Palestinian-Americans who live in the United States and who have family in Gaza, and who plan to attend the January 26th proceedings in person. Declaration of Maria LaHood ("LaHood Decl."), filed herewith, ¶ 3. Plaintiffs Defense for Children International – Palestine and Al-Haq, Palestinian organizations dedicated to promoting Palestinian human rights, Complaint ¶ 8, have staff who are planning to travel to be present in person for the January 26th hearing. LaHood Decl. ¶ 4.

In addition to the gravity of Plaintiffs' claims and the magnitude of the harm they have suffered and will continue to suffer, the public interest in this case also warrants an in-person hearing. There is enormous public interest in preventing genocide, in upholding the rule of law, and in enjoining the United States government's material and financial support for Israel's actions, as such support contravenes its legal obligations to prevent, and not further, genocide. *See, e.g.,* Plaintiffs' Preliminary

Injunction Motion, Sec. II (detailing the reasons why a preliminary injunction in this case is in the public interest). The public interest is only increasing, given that since October 7th, it has been reported that at least 17,700 Palestinians have been killed in Gaza, an estimated 70 percent of whom are women and children, and more than 48,700 Palestinians have been injured. LaHood Decl. ¶ 5. In support of their Motion for Preliminary Injunction, Plaintiffs submitted numerous statements by Defendants and other United States officials, including statements of increasing and maintaining material and financial support to Israel; Plaintiffs also submitted numerous news articles and other public reporting, documentation, and information related to the issues raised in this case, including the mass killings and displacement of Palestinians in Gaza and the total siege on Gaza, which has restricted nearly all access to food, water, fuel, electricity, and other basic necessities for survival. *See* Declaration of Pamela Spees in Support of Plaintiffs' Motion for Preliminary Injunction.

Given the severity of Plaintiffs' harms, which have become the subject of state, national, and international concern, holding the proceedings in-person will ensure that Plaintiffs are able to most effectively present arguments and supporting evidence on this matter of overwhelming public interest. Likewise, in light of the immense public interest in the case and the significant media interest to date in the case, there is also anticipated to be significant media interest in the argument in this case, which also supports having an in-person hearing. Finally, an in-person hearing aligns with the values of ensuring that the Court is accessible to impacted and interested parties and community members.

Given that Plaintiffs bear the burden on their Preliminary Injunction Motion, they are also prepared to present live testimony to the Court in support of their Preliminary Injunction Motion. Some Plaintiffs will be testifying to the harm they have suffered and the irreparable harm they will continue to suffer, and would like the opportunity to present live testimony by expert witnesses to support their claims. It is crucial to Plaintiffs that they have an opportunity to do so in-person, to be able to communicate clearly with the Court, and to avoid any technological issues that may interrupt their

testimony on this matter of immense personal and public interest. In addition, although all of the in-person witnesses will be testifying in English, some speak English as their second language and thus they are more able to effectively communicate their testimony to the Court—and the public—in person.

For those Plaintiffs who will not have the opportunity to be present in-person for the hearing—such as those Plaintiffs who are not in the United States or who cannot travel to California, including those in Palestine—they similarly have a significant interest in being able to participate and also observe the hearing in real time via the Court's public Zoom link. As a result, in addition to conducting the hearing in-person, the Court's videoconferencing capability should remain activated to ensure that all Plaintiffs are able to (1) access the Court, (2) effectively present all the arguments and evidence that should be considered by the Court in adjudicating this matter, and (3) observe these proceedings in real time. The life-and-death issues presented in Plaintiffs' Preliminary Injunction Motion and Opposition to the government's Motion to Dismiss necessitate granting the instant Motion.

When Plaintiffs requested Defendants' position on their Motion for Administrative Relief for an In-Person Hearing and to have the hearing streamed and video-recorded, Defendants responded that "[t]he government takes no position on Plaintiffs' motion and will defer to the Court as to how it wishes to proceed regarding the hearing." LaHood Decl. ¶¶ 1-2.

Dated: December 11, 2023

Respectfully submitted,

/s/ Maria C. LaHood

| | |
|---|---|
| Johnny Sinodis, Cal. Bar No. 290402<br>Marc Van Der Hout, Cal. Bar No. 80778<br>Van Der Hout LLP<br>360 Post Street, Suite 800<br>San Francisco, CA 94108<br>(415) 981-3000<br>ndca@vblaw.com | Maria C. LaHood, admitted *pro hac vice*<br>Sadaf M. Doost, Cal. Bar No. 346104<br>Baher A. Azmy, admitted *pro hac vice*<br>Katherine Gallagher, admitted *pro hac vice*<br>Astha Sharma Pokharel, admitted *pro hac vice*<br>Samah Sisay, admitted *pro hac vice*<br>Pamela C. Spees, admitted *pro hac vice*<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>(212) 614-6430<br>mlahood@ccrjustice.org |