BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
United States Department of Justice
DIANE KELLEHER
Assistant Branch Director
Federal Programs Branch
JEAN LIN
Special Litigation Counsel
JONATHAN D. KOSSAK
Trial Attorney
    Dep't of Justice, Federal Programs Branch
    1100 L St. NW, Washington, DC 20005
    Tel: (202) 305-0612
    Email: jonathan.kossak@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE; AL-HAQ; AHMED ABU ARTEMA; MOHAMMED AHMED ABU ROKBEH; MOHAMMAD HERZALLAH; A.N.; LAILA ELHADDAD; WAEIL ELBHASSI; BASIM ELKARRA; and DR. OMAR EL-NAJJAR,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, Jr., *President of the United States*; ANTHONY J. BLINKEN, *United States Secretary of State;* LLOYD JAMES AUSTIN III *United States Secretary of Defense*, in their official capacities,<br><br>Defendants. | No. 4:23-cv-05829-JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING POTENTIAL PRESENTATION OF LIVE TESTIMONY AT THE HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing: January 26, 2024 at 9:00 am<br><br>Honorable Jeffrey S. White<br>United States District Judge |

Defendants oppose what Plaintiffs characterized as an "Unopposed Motion for Administrative Relief for In-Person and Zoom Hearing on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss," ECF No. 39, to the extent the motion seeks the Court's permission to present live testimony at the January 26, 2024 hearing on Defendants' Motion to Dismiss, ECF No. 38, and Plaintiffs' Motion for Preliminary Injunction, ECF No. 19. The motion accurately notes that Defendants defer to the Court on whether the January 26 hearing should be in person, but Plaintiffs failed to confer with Defendants regarding the presentation of live testimony at the hearing. Defendants oppose an evidentiary hearing because their motion to dismiss and opposition to the motion for preliminary injunction raise purely legal arguments. Even if that were not so, the law in this Circuit is clear that courts can and should decide preliminary injunction motions on the written record, and there is no reason to depart from that approach here.

In this Circuit, "[a] district court is not required to hold an evidentiary hearing before denying a motion seeking a preliminary injunction." *Gonzalez v. Ahern*, No. 19-CV-07423-JSC, 2020 WL 3470089, at *2 (N.D. Cal. June 25, 2020); *see, e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."); *Kenneally v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992) ("We do not indulge a presumption in favor of evidentiary hearings."); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir. 1969) ("[T]he rule in this circuit is that in a proceeding on . . . a preliminary injunction . . . the injunction may, in the discretion of the trial court, be granted or denied upon the affidavits."). The Ninth Circuit expressly disfavors evidentiary hearings "when the magnitude of the inquiry would make it impractical." *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986).

Under the federal rules, the only requirement is that *Defendants* have a meaningful opportunity to contest the preliminary injunction motion, *see* Fed. R. Civ. P. 65(a), and courts have consistently held that the absence of live testimony does not "unfairly deprive[]" a party "of the

DEFS.' OPP'N TO PLS.' MOT. FOR ADMIN. RELIEF REGARDING POTENTIAL PRESENTATION OF LIVE TESTIMONY AT HEARING ON PLS.' MOT. FOR PRELIMINARY INJ. & DEFS.' MOT. TO DISMISS, CASE NO. 4:23-cv-05829-JSW

1

chance to show opposition to the issuance of a preliminary injunction." *Int'l Molders*, 799 F.2d at 555; *see also, e.g.*, *Walsh v. Ahern Rentals, Inc.*, No. 21-16124, 2022 WL 118636, at *1 (9th Cir. Jan. 12, 2022) ("In this circuit, a district court need not hold an evidentiary hearing before issuing a preliminary injunction—pleadings alone can constitute 'notice' for purposes of Federal Rule of Civil Procedure 65(a)."); *McGiboney v. Corizon*, Case No. 4:18-cv-00529, 2020 WL 1666805, at *7 (D. Idaho Apr. 3, 2020) ("[T]his is not a case where one side to the controversy was denied the opportunity to be heard; rather, Defendants presented written argument, an affidavit, and pages of evidence to support their position."); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 866 (E.D. Cal. 2016) ("Oral testimony is unnecessary, however, if the parties had an adequate opportunity to submit written testimony and argue the matter.").

Here, there is no reason to depart from the general rule of deciding the preliminary injunction motion on a written record. Plaintiffs filed a 340-paragraph Complaint, ECF No. 1, and a 25-page motion for preliminary injunction to which they attached approximately 775 pages of exhibits. They have had ample opportunity to create a written record. Defendants' motion to dismiss and opposition to Plaintiffs' motion for preliminary injunction raises three purely legal arguments, each of which is sufficient ground for dismissal. Even Defendants' argument regarding the balance of the equities raises only a purely legal argument—that the public and the Government have a strong interest in maintaining the constitutional separation of powers. *See* Defs.' Mot. to Dismiss and Mem. in Support and Opp'n to Pls.' Mot. for Preliminary Inj. at 18-19. No testimony is therefore necessary.[1] Moreover, the proposed testimony would be highly "impractical" given "the magnitude of the inquiry" Plaintiffs' propose. *Int'l Molders*, 799 F.2d at 555. Plaintiffs have not identified the witnesses and experts they are prepared to present, but given the nearly 775 pages of exhibits they filed with their preliminary injunction motion, Defendants imagine that Plaintiffs

---

[1] To the extent Plaintiffs intend to present expert testimony regarding their legal claims, such testimony should be excluded. *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 996 F.2d 443, 447 (9th Cir. 1992) ("[M]atters of law [are] for the court's determination" and are "inappropriate subjects for expert testimony").

are contemplating something far from the type of "simple" hearing for which "little time would be taken" that Ninth Circuit precedent contemplates. *Kenneally*, 967 F.2d at 334-35.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Administrative Relief for In-Person and Zoom Hearing to the extent Plaintiffs seek to present live testimony and evidence at the hearing. Defendants defer to the Court regarding whether to hold an in-person hearing while also permitting the hearing to be streamed via the Court's public Zoom link.

Dated: December 12, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

DIANE KELLEHER
Assistant Branch Director
Federal Programs

JEAN LIN
Special Litigation Counsel

/s/ *JONATHAN D. KOSSAK*
JONATHAN D. KOSSAK
Trial Attorney (DC Bar No. 991478)
U.S. Department of Justice
Federal Programs Branch
1100 L Street, NW,
Washington, DC 20005
Tel. (202) 305-0612
Email: Jonathan.kossak@usdoj.gov

*Counsel for Defendants*

DEFS.' OPP'N TO PLS.' MOT. FOR ADMIN. RELIEF REGARDING POTENTIAL PRESENTATION OF LIVE TESTIMONY AT HEARING ON PLS.' MOT. FOR PRELIMINARY INJ. & DEFS.' MOT. TO DISMISS, CASE NO. 4:23-cv-05829-JSW

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of December, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing.

Dated: December 12, 2023
/s/ *Jonathan D. Kossak*
JONATHAN D. KOSSAK
Trial Attorney (DC Bar No. 991478)
U.S. Department of Justice
Federal Programs Branch

DEFS.' OPP'N TO PLS.' MOT. FOR ADMIN. RELIEF REGARDING POTENTIAL PRESENTATION OF LIVE TESTIMONY AT HEARING ON PLS.' MOT. FOR PRELIMINARY INJ. & DEFS.' MOT. TO DISMISS, CASE NO. 4:23-cv-05829-JSW

4