Marc Van Der Hout, Cal. Bar No. 80778
Johnny Sinodis, Cal. Bar No. 290402
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco CA 94108
(415) 981-3000
ndca@vblaw.com

Sadaf M. Doost, Cal. Bar No. 346104
Baher A. Azmy, admitted *pro hac vice*
Katherine Gallagher, admitted *pro hac vice*
Maria C. LaHood, admitted *pro hac vice*
Astha Sharma Pokharel, admitted *pro hac vice*
Samah Sisay, admitted *pro hac vice*
Pamela C. Spees, admitted *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6462
sdoost@ccrjustice.org
bazmy@ccrjustice.org
kgallagher@ccrjustice.org
mlahood@ccrjustice.org
asharmapokharel@ccrjustice.org
ssisay@ccrjustice.org
pspees@ccrjustice.org

Attorneys for Plaintiffs DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE; AL-HAQ; AHMED ABU ARTEMA; MOHAMMED AHMED ABU ROKBEH; MOHAMMAD HERZALLAH; A.N.; LAILA ELHADDAD; WAEIL ELBHASSI; BASIM ELKARRA; and DR. OMAR EL-NAJJAR<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH R. BIDEN, JR., *President of the United States,* ANTONY J. BLINKEN, *Secretary of State,* LLOYD JAMES AUSTIN III, *Secretary of Defense,* in their official capacities,<br><br>　　　　　　　　Defendants. | Case No.: 23-cv-5829<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO PRESENT LIVE TESTIMONY DURING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing: January 26, 2024, at 9:00 am |

Plaintiffs respectfully request permission from this Court, pursuant to Civil Local Rules 7-11 and 7-6, to present live testimony at the hearing scheduled for January 26, 2024, regarding their Preliminary Injunction Motion seeking relief on their claims that Defendants have failed to prevent and are complicit in Israel's genocide against the Palestinian people in Gaza.[1] The already dire conditions in Gaza are rapidly deteriorating, with the irreparable harms caused by Defendants' actions in support of Israel's assault on Gaza quickly deepening. Plaintiffs seek to testify to provide the Court with the latest facts on the harms that they have faced since the filing of their Reply Brief in Support of their Preliminary Injunction Motion on December 22, 2023 – over a month prior to the hearing scheduled for January 26, 2024. Plaintiffs also seek to present live testimony on the significant public interest in a preliminary injunction, an issue that Defendants have contested.

District courts in this circuit commonly choose to conduct evidentiary hearings on preliminary injunction motions. *See, e.g., Porretti v. Dzurenda,* 11 F.4th 1037, 1045 (9th Cir. 2021) (upholding preliminary injunction issued by district court after evidentiary hearings, where court heard live testimony from medical experts); *Revelry Grp. LLC v. Jobe,* No. 1:22-CV-00510-DCN, 2023 WL 2456287, at *4 (D. Idaho Mar. 10, 2023) (granting, with limitations, plaintiff's request for evidentiary hearing on preliminary injunction motion); *Zepeda Rivas v. Jennings*, 504 F. Supp. 3d 1060, 1066 (N.D. Cal. 2020) (after evidentiary hearing, finding that detainees were entitled to second preliminary injunction); *Denbicare Inc. v. Toys "R" Us Inc.,* No. C 87 5746 TEH, 1988 WL 1091937, at *1 (N.D. Cal. Jan. 13, 1988) (ordering evidentiary hearing on preliminary injunction motion). The Ninth Circuit has outlined the following principles to guide district courts in determining whether to grant an evidentiary hearing for a preliminary injunction: "Where sharply disputed the facts are simple and little time would be required for an evidentiary hearing, proceeding on affidavits alone might be

---

[1] Separately, Plaintiffs have requested that the hearing be in-person, with videoconferencing capability remaining activated. ECF No. 39. Some witnesses would be able to testify in-person, and others remotely.

inappropriate." *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986). The Ninth Circuit has instructed that consideration be given to "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular cases" when making this determination. *Id*. (citation omitted).

In this instance, an evidentiary hearing is necessary. First, Plaintiffs intend to testify as to the irreparable harm that they are facing as a result of Defendants' actions, and in particular on the additional harms that they have faced since filing their Reply Brief in Support of their Preliminary Injunction Motion on December 22, 2023. A showing of irreparable harm is crucial to Plaintiffs' Motion, particularly in the Ninth Circuit, where preliminary injunction factors are evaluated "on a sliding scale, such 'that a stronger showing of one element may offset a weaker showing of another[,]'" *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 82 F.4th 664, 684 (9th Cir. 2023) (quoting *Recycle for Change v. City of Oakland*, 856 F.3d 666, 669 (9th Cir. 2017)), and "[w]hen the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id.* at 684, 695 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32, 1134-35 (9th Cir. 2011)). Plaintiffs request the opportunity to present to the Court live testimony on the most up-to-date information related to the harms that are worsening on a daily basis. This request is based on the unique circumstances of this particular case: while some Plaintiffs have submitted written testimony, that is not an adequate substitute for live testimony here given the amount of time that will have lapsed since December 22, in the context of rapidly deteriorating conditions in Gaza.[2] These are deep, irreparable

---

[2] For example, in the month between the filing of Plaintiffs' Motion for Preliminary Injunction and the filing of Plaintiffs' Reply in Support of their Motion for Preliminary Injunction, Plaintiff Al-Haq's staff member, Ahmed Abofoul, had over 50 members of his family in Gaza killed by Israeli airstrikes. *See* Pls.' Reply Br. 1, ECF No. 44. Since December 22, when Plaintiffs filed their Reply Brief in Support of their Preliminary Injunction Motion, Israel's assault on Gaza has killed approximately 3,000 more people. Sharma Pokharel Decl. ¶ 3.

harms that Plaintiffs can most effectively present to the Court through live testimony rather than solely through a written declaration. Yet the factual inquiry will be relatively simple for the Court, as Plaintiffs themselves intend to testify as to recent events that they have personally experienced or witnessed. A subset of individual U.S.-based Plaintiffs and representatives from each of the two organizational Plaintiffs are prepared to testify. Gaza-based Plaintiffs are prepared to testify to the extent it is technologically and otherwise feasible.

Second, Plaintiffs intend to present live testimony to further support their argument that a preliminary injunction would be in the public interest, which Defendants have contested. Defs.' Opp'n & Mot. to Dismiss 18, ECF No. 38. Plaintiffs seek to present testimony by Dr. Barry Trachtenberg, the Michael H. and Deborah K. Rubin Presidential Chair of Jewish History and a tenured Professor at Wake Forest University in Winston-Salem, North Carolina. Dr. Trachtenberg is prepared to testify based on his expertise as a scholar of genocide and Holocaust studies, and as a historian, on the important public interest that would be served by a preliminary injunction prohibiting Defendants from furthering this genocide, and the long-term harms of a genocide.

Plaintiffs may also seek to present live testimony in response to factual matters raised by Defendants in their reply brief, which is due on January 12, 2024. Plaintiffs anticipate presenting approximately two hours of testimony.

Plaintiffs have conferred with Defendants, who do not consent to this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Administrative Relief to Present Live Testimony on Plaintiffs' Motion for Preliminary Injunction.

Dated: January 8, 2024                          Respectfully submitted,

/s/ *Astha Sharma Pokharel*

Johnny Sinodis, Cal. Bar No. 290402         Astha Sharma Pokharel, admitted *pro hac vice*
Marc Van Der Hout, Cal. Bar No. 80778       Sadaf M. Doost, Cal. Bar No. 346104
Van Der Hout LLP                            Baher A. Azmy, admitted *pro hac vice*
360 Post Street, Suite 800                  Katherine Gallagher, admitted *pro hac vice*
San Francisco CA 94108                      Maria C. LaHood, admitted *pro hac vice*
(415) 981-3000                              Samah Sisay, admitted *pro hac vice*
ndca@vblaw.com                              Pamela C. Spees, admitted *pro hac vice*
                                            Center for Constitutional Rights
                                            666 Broadway, 7th Floor
                                            New York, NY 10012
                                            (212) 614-6462
                                            asharmapokharel@ccrjustice.org
                                            sdoost@ccrjustice.org
                                            bazmy@ccrjustice.org
                                            kgallagher@ccrjustice.org
                                            mlahood@ccrjustice.org
                                            ssisay@ccrjustice.org
                                            pspees@ccrjustice.org

MOTION FOR ADMINISTRATIVE RELIEF  4                              Case No. 23-CV-5829
TO PRESENT LIVE TESTIMONY