BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
United States Department of Justice
DIANE KELLEHER
Assistant Branch Director
Federal Programs Branch
JEAN LIN
Special Litigation Counsel
JONATHAN D. KOSSAK
Trial Attorney
    Dep't of Justice, Federal Programs Branch
    1100 L St. NW, Washington, DC 20005
    Tel: (202) 305-0612
    Email: jonathan.kossak@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL – PALESTINE; AL-HAQ; AHMED ABU ARTEMA; MOHAMMED AHMED ABU ROKBEH; MOHAMMAD HERZALLAH; A.N.; LAILA ELHADDAD; WAEIL ELBHASSI; BASIM ELKARRA; and DR. OMAR EL-NAJJAR,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, Jr., *President of the United States*; ANTHONY J. BLINKEN, *United States Secretary of State;* LLOYD JAMES AUSTIN III *United States Secretary of Defense*, in their official capacities,<br><br>    Defendants. | No. 4:23-cv-05829-JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO PRESENT LIVE TESTIMONY DURING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing: January 26, 2024 at 9:00 am<br><br>Honorable Jeffrey S. White<br>United States District Judge |

Defendants oppose Plaintiffs' "Motion for Administrative Relief to Present Live Testimony," ECF No. 60, because Defendants have raised purely legal arguments in their motion to dismiss and opposition to Plaintiffs' motion for preliminary injunction, and there are no material factual disputes to be resolved at an evidentiary hearing. Plaintiffs admit that they are "seeking relief on their claims that Defendants have failed to prevent and are complicit in Israel's [purported] genocide against the Palestinian people in Gaza." Pls.' Admin. Mot. at 2. Their claims therefore raise quintessential political questions, rendering this case nonjusticiable. Even if that were not so, Defendants have also demonstrated that the case can be dismissed on any number of grounds, including that Plaintiffs' requested injunctive and declaratory relief against the United States for their tort claims under the Alien Tort Statute (ATS) is barred by the Federal Tort Claims Act (FTCA); that Plaintiffs' ATS claims against the United States do not fall within the Court's narrow authority to create a new private cause of action, because they implicate serious separation-of-powers, foreign-policy, and national-security concerns; and that Plaintiffs do not have Article III standing because their harms hinge on the independent conduct of a third-party foreign sovereign not before the Court. *See* Defs.' Mot. to Dismiss and Mem. in Support and Opp'n to Pls.' Mot. for Preliminary Inj. ("Defs.' Mot. to Dismiss), ECF No. 38; Defs.' Reply In Support of Mot. to Dismiss ("Defs.' Reply"), ECF No. 64. These purely legal defects in Plaintiffs' suit strongly suggest that an evidentiary hearing is inappropriate.

The law in this Circuit is clear that courts can and should decide preliminary injunction motions on the written record. "A district court is not required to hold an evidentiary hearing before denying a motion seeking a preliminary injunction." *Gonzalez v. Ahern*, No. 19-CV-07423-JSC, 2020 WL 3470089, at *2 (N.D. Cal. June 25, 2020); *see, e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."); *Kenneally v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992) (noting that "[w]e do not indulge a presumption in favor of evidentiary hearings," and affirming denial of preliminary injunction where district court declined to hear plaintiff's proffered oral testimony); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir.

DEFS.' OPP'N TO PLS.' MOT. FOR ADMIN. RELIEF TO PRESENT LIVE TESTIMONY AT HEARING ON PLS.' MOT. FOR PRELIMINARY INJ., CASE NO. 4:23-cv-05829-JSW

1

1969) ("[T]he rule in this circuit is that in a proceeding on . . . a preliminary injunction . . . the injunction may, in the discretion of the trial court, be granted or denied upon the affidavits."). Further, as Plaintiffs' Motion indicates, the default under the Local Rules is that "[n]o oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge." Civil Local Rule 7-6.

In analyzing whether to allow an evidentiary hearing, courts may consider "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular case." *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) (citations omitted). There is no fairness concern here as Plaintiffs have had ample opportunity to submit a voluminous written record, including a 340-paragraph Complaint and a 25-page motion for preliminary injunction to which they attached approximately 775 pages of exhibits. In opposing Defendants' Motion to Dismiss, Plaintiffs further attached eight declarations as well as 53 exhibits to one of the declarations, totaling over 300 pages of material. The written record is more than sufficient for the Court to decide Plaintiffs' motion for preliminary injunction. *See United States v. Idaho*, No. 1:22-cv-00329, 2022 WL 3442500, at *1 (D. Idaho Aug. 17, 2022) (denying request for evidentiary hearing where the "declarations on file provide a sufficient basis to make an informed decision," and "[e]qually important," the dispute involved "legal questions, not factual ones"); *McGiboney v. Corizon*, No. 4:18-cv-00529, 2020 WL 1666805, at *7 (D. Idaho Apr. 3, 2020) ("[T]his is not a case where one side to the controversy was denied the opportunity to be heard; rather, Defendants presented written argument, an affidavit, and pages of evidence to support their position."); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 866 (E.D. Cal. 2016) ("Oral testimony is unnecessary, however, if the parties had an adequate opportunity to submit written testimony and argue the matter."); *Numbers Licensing, LLC v. bVisual USA, Inc.*, 643 F. Supp. 2d 1245, 1249 (E.D. Wash. 2009) ("The Court finds that an evidentiary hearing is unnecessary; the declarations on file provide a sufficient basis for the Court to make an informed decision.").

As for the nature of the relief requested, even if the suit were not barred by the political-question doctrine, Plaintiffs' requested injunctive relief is barred by the FTCA, which is the

*exclusive* remedy for tortious conduct by the United States. Defs.' Reply at 7–11. Plaintiffs seek to pursue their claims under the ATS for alleged violations of customary international law, as incorporated by federal common law. But the ATS does not waive the United States' sovereign immunity. The FTCA provides such waiver, but it does not permit injunctive relief or relief for claims arising under federal common law. *See id.* Beyond the FTCA bar, this Court has no authority to recognize a new cause of action against the United States under the ATS for failing to prevent, or complicity in, genocide, because Plaintiffs' claims raise serious separation-of-powers, foreign-policy, and national-security concerns. *See id.* at 11–15. An evidentiary hearing will not resolve these purely legal issues.

Nor do the circumstances of this case suggest that live testimony is warranted. Plaintiffs identify no material factual disputes that require further testimony at an evidentiary hearing. *Cf. Goldberg v. Barreca*, 720 F. App'x 877, 878 (9th Cir. 2018) (concluding that "the district court did not abuse its discretion by failing to hold an evidentiary hearing when initially ruling on the [plaintiff's] preliminary injunction motion because it did not need to resolve any factual disputes]"); *Motaghedi v. Pompeo*, No. 1:19-cv-01466, 2020 WL 207155, at *1 (E.D. Cal. Jan. 14, 2020) (citing *Goldberg* and determining that preliminary injunction motion could be denied on the papers).[1] For example, Plaintiffs seek to provide testimony "on the additional harms that they have faced since filing their Reply brief," Pls.' Admin. Mot. at 2, but Defendants are not contesting the alien Plaintiffs' asserted injuries in fact at this stage, so there is no need to supplement the allegations and evidence already in the record. Instead, Defendants raise the purely legal argument that Plaintiffs' asserted injuries simply do not meet the traceability and redressability prongs of the Article III standing requirement, because their injuries are caused by the independent actions of a

---

[1] In contrast, Plaintiffs' cited cases in support of an evidentiary hearing all involve disputed issues of fact. *See* Pls.' Admin. Mot. at 1; *see, e.g., Revelry Grp. LLC v. Jobe*, No. 1:22-cv-00510-DCN, 2023 WL 2456287, at *4 (D. Idaho Mar. 10, 2023) ("Here, the facts are heavily contested."); *Zepeda Rivas v. Jennings*, 504 F. Supp. 3d 1060, 1066 (N.D. Cal. 2020) (noting that the evidentiary hearing was set to probe whether any evidence existed to support an affidavit); *Denbicare Inc. v. Toys "R" Us, Inc.*, No. 87-cv-5746-TEH, 1988 WL 1091937, at *1 (N.D. Cal. 1988) ("[T]here are factual disputes relevant to the disposition of the preliminary injunction issue[.]"); *see also Porretti v. Dzurenda*, 11 F.4th 1037, 1045 (9th Cir. 2021) (noting that the district court had heard testimony from competing medical experts).

foreign sovereign over whom this Court has no control.  Defs.' Mot. to Dismiss at 13-16.  And if Plaintiffs intend to elicit testimony regarding harm suffered by the U.S. citizen Plaintiffs, their asserted harms are wholly irrelevant because the ATS—the only possible avenue for Plaintiffs to assert a violation of international law—does not apply to U.S. citizens.  Defs.' Reply at 7.

Even Defendants' argument regarding the balance of the equities raises only a purely legal argument—that the public and the Government have a strong interest in maintaining the constitutional separation of powers.  *See* Defs.' Mot. to Dismiss at 18-19.  Nevertheless, Plaintiffs intend to present the expert testimony of a historian and scholar of genocide and Holocaust studies, whose testimony purportedly will show that the preliminary injunction is in the public interest.  Such testimony is both unnecessary and inappropriate.  In reviewing a motion for a preliminary injunction, the factors for "assessing the harm to the opposing party and weighing the public interest" "merge when the Government is the opposing party."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As Defendants have demonstrated, the public interest disfavors issuances of a preliminary injunction because it would violate separation of powers.  Plaintiffs are asking the Court to intrude into foreign policy and national security matters committed to the political branches of the government.  Plaintiffs' expert is not a scholar of foreign policy or separation-of-powers concerns, and even if he were, the Court is well-equipped to address the separation of powers question without the need for expert testimony.  Indeed, "matters of law [are] for the court's determination" and are "inappropriate subjects for expert testimony."  *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 996 F.2d 443, 447 (9th Cir. 1992).

Finally, Plaintiffs suggest that they may seek to present live testimony in response to factual matters raised in Defendants' Reply brief, but Defendants have not raised any in their Reply.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Administrative Relief To Present Live Testimony.  Defendants request that if the Court intends to permit an in-person hearing, that it issue such an order as soon as possible to allow the government's attorneys to make plans for traveling to the hearing from Washington, D.C.

| | |
|---|---|
| Dated: January 12, 2024 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| | DIANE KELLEHER<br>Assistant Branch Director<br>Federal Programs |
| | JEAN LIN<br>Special Litigation Counsel |
| | /s/ *Jonathan D. Kossak*<br>JONATHAN D. KOSSAK<br>Trial Attorney (DC Bar No. 991478)<br>U.S. Department of Justice<br>Federal Programs Branch<br>1100 L Street, NW,<br>Washington, DC 20005<br>Tel. (202) 305-0612<br>Email: Jonathan.kossak@usdoj.gov |
| | *Counsel for Defendants* |

DEFS.' OPP'N TO PLS.' MOT. FOR ADMIN. RELIEF TO PRESENT LIVE TESTIMONY AT HEARING ON PLS.' MOT. FOR PRELIMINARY INJ., CASE NO. 4:23-cv-05829-JSW

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing.

Dated: January 12, 2024

/s/ *Jonathan D. Kossak*
JONATHAN D. KOSSAK
Trial Attorney (DC Bar No. 991478)
U.S. Department of Justice
Federal Programs Branch