United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENSE FOR CHILDREN INTERNATIONAL-PALESTINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, et al.,<br><br>Defendants. | Case No. 23-cv-05829-JSW<br><br>**ORDER RE QUESTIONS**<br><br>Re: Dkt. Nos. 19, 38 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 26, 2024, AT 9:00 a.m.  The Court does not wish to hear the parties reargue matters addressed in their briefs, and the parties shall not file written responses to this Notice of Questions.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and all opposing parties of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing.  If the

parties submit such additional authorities, they are ORDERED to submit the citations, with pin cites, to the authorities. They shall not submit additional argument or briefing on the authorities. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court will allow the parties 45 minutes of oral argument, but it will waive that time restriction if an associate or of counsel attorney working on this case is permitted to address some or all of the Court's questions. Following oral argument by counsel, the Court will also allow two hours for live testimony for Plaintiffs and/or their witnesses.

1. Under what authority can the Court, in effect, exercise its judgment over and reverse United States foreign policy decisions and assess whether Israel has transgressed limits imposed by international law? How is this not a quintessential political question best left to the coordinate branches of government?

2. If the Court determines that Plaintiffs' claims present nonjusticiable political questions best left to the executive branch, must the Court adjudicate whether Plaintiffs have stated cognizable causes of action for injunctive relief under the Alien Tort Statute and whether the claim is barred by the Federal Tort Claims Act or whether the government has waived sovereign immunity?

3. The United States Constitution, Article VI, Clause 2 provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

If the Genocide Convention is explicitly binding on this Court and the supreme law of the land, can the Court find support for exercising jurisdiction here?

4. Assuming, for the sake of argument, that the actions taken by the Israeli government constitute genocide under international law and the actions taken by the United States government constitute complicity, what mechanism do Defendants contend would be the appropriate forum to enforce binding international law forbidding complicity with genocide? What is the proper procedural mechanism for enforcement of international law as embodied in the Genocide Convention?

5. Can Plaintiffs join the current suit before the International Court of Justice ("ICJ") regarding the participation or support offered by the United States government? What is the status

of that proceeding? Can Plaintiffs file on their own to proceed before the ICJ?

6. Do the parties have anything else they wish to address?

**IT IS SO ORDERED.**

Dated: January 24, 2024

_____
JEFFREY S. WHITE
United States District Judge